United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40254
Conference Calendar

_____

MANLEY CARGILL,

Petitioner-Appellant,

versus

MARVIN D. MORRISON,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-794
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Manley Cargill, federal prisoner # 41436-004, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition, in

which he challenged his convictions for a continuing criminal

enterprise and drug conspiracies pursuant to Rutledge v. United

States, 517 U.S. 292 (1996). Cargill cannot establish that he

meets the standard for filing a 28 U.S.C. § 2241 petition under

the "savings clause" of 28 U.S.C. § 2255 because Rutledge was

available at the time Cargill filed his first 28 U.S.C. § 2255

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

motion.  See Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).  Cargill is incorrect in his assertion that Rutledge was unavailable at the time he filed his first 28 U.S.C. § 2255 motion because such a claim would have been untimely.  See 28 U.S.C. § 2255 ¶ 6; United States v. Flores, 135 F.3d 1000, 1005-06 (5th Cir. 1998).  The "savings clause" does not violate the Suspension Clause of the Constitution.  Reyes-Requena, 243 F.3d at 901 n.19.  Consequently, the judgment of the district court is AFFIRMED.